IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE HAYES, | No. C 05-0070 RMW (PR) |
| Plaintiff, | ORDER OF SERVICE |
| v. | |
| DR. WILLIAMS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against medical personnel at San Quentin State Prison. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. Plaintiff filed an amended complaint on June 15, 2005. The court will order service of the amended complaint.

**BACKGROUND**

On August 30, 2004, Plaintiff arrived at San Quentin State Prison and was seen by Dr. Clarke for his knee injury. Plaintiff provided Dr. Clarke with his discharge papers from San Jose Medical Center's emergency room with a diagnostic evaluation and further appointment on August 31, 2004 to see an orthopedic specialist to schedule surgery. Plaintiff alleges that Dr. Clarke failed to order X-rays and a MRI, failed to order lower

tier bunk status for plaintiff with a knee brace and crutches.  Dr. Clarke did not place plaintiff on a medical hold for treatment at San Quentin and did not provide plaintiff with a mobility impaired vest.  See Amended Complaint at 3, ¶ III(A).

On September 10, 2004, plaintiff filed a reasonable modification category 18, California Department of Correction ("CDC") form 1824, describing his knee injury and requesting the following: a knee immobilizer or knee supporter, surgery by an orthopedic specialist and specialized housing with a lower bunk/lower tier requirement or infirmary housing.  On September 23, 2004, plaintiff was interviewed and examined by Dr. Christensen.  Plaintiff was given a chrono for the lower first tier housing for ninety days.  An orthopedic consult was approved and plaintiff's administrative appeal was partially granted.  Plaintiff claims that Dr. Christensen failed to: (1) order X-rays or a MRI; (2) place him on a medical hold so that he would not be transferred until the orthopedic consult took place; (3) provide plaintiff with a yellow mobility impaired vest; and (4) provide plaintiff with a "chrono" limiting plaintiff's mobility.  See Amended Complaint at ¶ III-B.

On September 28, 2004, Dr. Williams, Health Care Manager at San Quentin, became aware of plaintiff's knee problem.  Defendant Williams signed a disability placement verification (CDC 128-C) form for plaintiff.  However, Dr. Williams did not make any recommendation for plaintiff's further medical care and treatment, or question why a MRI or X-ray was not ordered for plaintiff.  Dr. Williams failed to request a medical hold for plaintiff to receive treatment before being transferred, and failed to properly review plaintiff's administrative appeals concerning medical care at San Quentin State prison.  See Amended Complaint at ¶ III-C.

Plaintiff was transferred to the Sierra Conservation Center in October 2004.  Plaintiff was seen by Dr. Howard and prescribed pain medication.  Dr. Howard wrote an urgent request for an orthopedic consult and MRI for plaintiff.  Plaintiff was placed on a medical hold for four months.  Plaintiff's MRI showed additional damage to his knee - a completely torn tendon.  The orthopedic doctor asked plaintiff when his injury occurred

and told plaintiff that he should have received surgery within the first three weeks of his injury. The orthopedic doctor was going to operate on plaintiff, but plaintiff was paroled on February 8, 2005. See Amended Complaint at ¶ III-D.

In March 2005, after his release from prison, plaintiff was treated for his knee injury at Santa Clara Valley Medical Center. Plaintiff was told that his injury was so old that an operation would now cause damage to his muscles because they would have to cut soft tissue from his tendon. The re-attachment of the tendon would take two-and-a-half hours and up to twelve months of extensive rehabilitation. See Amended Complaint at ¶ III-D.

Plaintiff names the following defendants in his amended complaint: Dr. Williams, Health Care Manager at San Quentin State Prison; Dr. Clarke, staff physician at San Quentin State Prison; and Dr. Christensen, staff physician at San Quentin State Prison. Plaintiff alleges that he was subjected to defendants' deliberate acts of omission that was intended to inflict pain and suffering related to an already pre-existing injury. Plaintiff maintains that defendants knowingly and willfully subjected him to further risk of future harm creating a serious indifference to a serious medical need. Plaintiff seeks compensatory and punitive monetary damages and reasonable attorneys fees. See Amended Complaint at ¶ III-E.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

\\\

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
2 elements: (1) that a right secured by the Constitution or laws of the United States was
3 violated, and (2) that the alleged deprivation was committed by a person acting under the
4 color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).
5 B.    Plaintiff's Claim
6    Deliberate indifference to serious medical needs violates the Eighth Amendment's
7 proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97,
8 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other
9 grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en
10 banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of
11 "deliberate indifference" involves an examination of two elements: the seriousness of the
12 prisoner's medical need and the nature of the defendant's response to that need. See
13 McGuckin, 974 F.2d at 1059.
14    A "serious" medical need exists if the failure to treat a prisoner's condition could
15 result in further significant injury or the "unnecessary and wanton infliction of pain." Id.
16 (citing Estelle v. Gamble, 429 U.S. at 104). The existence of an injury that a reasonable
17 doctor or patient would find important and worthy of comment or treatment; the presence
18 of a medical condition that significantly affects an individual's daily activities; or the
19 existence of chronic and substantial pain are examples of indications that a prisoner has a
20 "serious" need for medical treatment. See id. at 1059-60 (citing Wood v. Housewright,
21 900 F.2d 1332, 1337-41 (9th Cir. 1990)).
22    A prison official is deliberately indifferent if he knows that a prisoner faces a
23 substantial risk of serious harm and disregards that risk by failing to take reasonable steps
24 to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not
25 only "be aware of facts from which the inference could be drawn that a substantial risk of
26 serious harm exists," but he "must also draw the inference." Id. If a prison official
27 should have been aware of the risk, but was not, then the official has not violated the
28 Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290

1  F.3d 1175, 1188 (9th Cir. 2002).

2  In order for deliberate indifference to be established, therefore, there must be a
3  purposeful act or failure to act on the part of the defendant and resulting harm. See
4  McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d
5  404, 407 (9th Cir. 1985). A finding that the defendant's activities resulted in
6  "substantial" harm to the prisoner is not necessary, however. Neither a finding that a
7  defendant's actions are egregious nor that they resulted in significant injury to a prisoner
8  is required to establish a violation of the prisoner's federal constitutional rights. See
9  McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v. McMillian, 503 U.S. 1, 7-10 (1992)
10  (rejecting "significant injury" requirement and noting that Constitution is violated
11  "whether or not significant injury is evident")).

12  Liberally construed, plaintiff has alleged a cognizable claim against defendants
13  Williams, Clarke and Christensen for deliberate indifference to his medical needs. The
14  court will order service of the amended complaint.

## CONCLUSION

16  1.  The clerk shall issue a summons and the United States Marshal shall serve,
17  without prepayment of fees, copies of the amended complaint in this matter (docket no.
18  7), all attachments thereto, and copies of this order on defendant DR. WILLIAMS, San
19  Quentin State Prison Health Care Manager, defendant DR. CLARKE, M.D., Staff
20  Physician at San Quentin State Prison, and defendant DR. CHRISTENSEN, Staff
21  Physician at San Quentin State Prison. The clerk shall also serve a copy of this order on
22  plaintiff.

23  2.  The clerk shall TERMINATE all other named defendants reflected on the
24  court's docket that are not listed in the amended complaint, defendants Dr. Howard and
25  the State of California.

26  3.  In order to expedite the resolution of this case, the court orders as follows:
27  a.  No later than **sixty (60) days** from the date of this order, defendants
28  shall file a motion for summary judgment or other dispositive motion, or shall notify the

court that defendant is of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due</u>**.

All papers filed with the court shall be promptly served on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable

Order of Service
P:\pro-se\sj.rmw\cr.05\Hayes070srv    6

1  issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
2  failure to file an opposition to defendants' motion for summary judgment may be deemed
3  to be a consent by plaintiff to the granting of the motion, and granting of judgment
4  against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
5  (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6           c.      Defendants shall file a reply brief no later than **fifteen (15) days**
7  after plaintiff's opposition is filed.

8           d.      The motion shall be deemed submitted as of the date the reply brief
9  is due.  No hearing will be held on the motion unless the court so orders at a later date.

10      4.     All communications by the plaintiff with the court must be served on
11  defendants, or defendants' counsel once counsel has been designated, by mailing a true
12  copy of the document to defendant or defendants' counsel.

13      5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
14  court and the parties informed of any change of address and must comply with the court's
15  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
16  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

17      6.     Discovery may be taken in accordance with the Federal Rules of Civil
18  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or
19  Local Rule 16-1 is required before the parties may conduct discovery.

20      IT IS SO ORDERED.
21  DATED:   4/10/2006                                   /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
22                                                   United States District Judge

23
24
25
26
27
28

1  This is to certify that on _____April 11, 2006_____, a copy of this
   ruling was mailed to the following:
2

3  Lafayette Hayes
   2011 Little Orchard Street
4  San Jose, CA  95125

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service
P:\pro-se\sj.rmw\cr.05\Hayes070srv              8